**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE GONZALEZ, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> CHULA VISTA ELEMENTARY SCHOOL DISTRICT et al, <br><br> Defendants, | Case No.: 3:21-cv-1314-L-DDL <br><br> **ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [ECF NO. 44]** |

Pending before the Court is a Motion for Leave to file a Second Amended Complaint filed by Plaintiffs. [ECF No. 44.] On April 24, 2023, Defendants Benita K. Ritchie and Jonathan Morello filed Oppositions. [ECF Nos. 46, 47.] On May 2, 2023, Plaintiffs filed a Reply. [ECF No. 49.]

The matter is submitted on the briefs without oral argument. See Civ. L. R. 7.1(d)(1). For the reasons stated below, Plaintiffs Motion is granted.

I.  **Background**

On July 22, 2021, Plaintiffs Jose Gonzalez, Bernice Gonzalez, and D.G. (a minor by and through his guardian ad litem Jose Gonzalez); Cal Caragan, Michelle

1

1 | Canlas, and C.C., (a minor by and through his guardian ad litem Carl Caragan);
2 | Jennifer Cate and N.C., (by and through his guardian ad litem Jennifer Cate);
3 | Christian DeGuzman, Rhodora DeGuzman, and E.D., (by and through his guardian
4 | ad litem Christian DeGuzman), filed a Complaint alleging violations of their federal
5 | Constitutional rights, violations of the Americans with Disabilities Act ("ADA"),
6 | violations of the Rehabilitation Act of 1973, and violations of the Civil Rights Act
7 | of 1964. [ECF No. 1.] The claims concern the alleged abuse in the 2019-2020
8 | school year of these four special education children by their kindergarten/first grade
9 | teacher, Benita K. Ritchie.
10 |   On June 6, 2022, Defendant Chula Vista Elementary School District
11 | ("CVESD") filed a motion to dismiss the original Complaint. [ECF No. 16.] On July
12 | 25, 2022, Defendant Jonathan Morello ("Morello") filed a motion to dismiss the
13 | original Complaint. [ECF No. 23.]
14 |   On August 8, 2022, Plaintiffs filed a timely First Amended Complaint
15 | ("FAC"). [ECF No. 26.]  On August 22, 2022, Defendants CVESD and Morello
16 | filed motions to dismiss the FAC. [ECF Nos. 27, 28.] On September 1, 2022,
17 | Defendant Benita K. Ritchie ("Ritchie") filed a motion to dismiss the FAC. [ECF
18 | No. 30.]
19 |   On September 19, 2022, Defendant Ritchie filed a Notice of Non-Opposition
20 | arguing that the Court should grant Ritchie's motion to dismiss the FAC without
21 | leave to amend because Plaintiffs failed to file and serve an opposition as required
22 | under Local Civil Rule 7.1(e)(2). [ECF No. 32.] On September 22, 2022, Defendant
23 | CVESD filed a Notice of Non-Opposition arguing that the Court should grant their
24 | motion to dismiss the FAC because they had not received any opposition from
25 | Plaintiffs within the prescribed time pursuant to Local Civil Rule 7.1(e)(2), or in the
26 | alternative to dismiss the FAC with prejudice for failure to prosecute under Federal
27 | Rule of Civil Procedure 41(b). [ECF No. 33.]
28 |

On September 22, 2022, Plaintiffs filed a Second Amended Complaint ("SAC") without leave of Court or the opposing parties' written consent. [ECF No. 34.]

On September 23, 2022, Defendant Morello filed a document titled Reply in Support of Motion to Dismiss arguing that the Court should "disregard, reject, and/or strike Plaintiffs' Second Amended Complaint" because Plaintiffs did not properly seek leave of Court or consent of the other parties before filing the SAC. (Morello Reply at 2 [ECF No. 35.]) Morello further argued that the pending motion to dismiss the FAC should be granted because Plaintiffs forfeited their opportunity to oppose the motion. (*Id*.) On October 6, 2022, all Defendants filed a Joint Motion to Strike the SAC, arguing that it was not filed in compliance with Federal Rule of Civil Procedure 15 and Civil Local Rule 7.1.f.3.c (Joint Motion "JM" at 1 [ECF No. 37-1.]

On October 21, 2022, the Court denied Defendants motions to dismiss the original Complaint [ECF Nos. 16, 23] as moot in light of the FAC. [ECF No. 37.] On March 10, 2023, the Court granted Defendants Joint Motion to Strike the Second Amended Complaint and issued a scheduling order. [ECF No. 43.] On March 31, 2023, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint. [ECF No. 44.] On April 24, 2023, Defendants Ritchie and Morello filed Responses in Opposition. [ECF Nos. 46, 47.] On May 2, 2023, Plaintiffs filed a Reply. [ECF No. 49.]

**II.  Legal Standard**

Under Federal Rule of Civil Procedure 15 "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). After a party has amended once as a

3

matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R.Civ.P. 15(a)(2).

The policy allowing amendment is "to be applied with extreme liberality." *Owens v. Kaiser Foundation Health Plan*, 244 F.3d 708, 712 (2001). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court established the following five factors a district court should consider in deciding whether to grant leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *See also Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

> To show undue delay, the opposing party must at least show delay past the point of initiation of discovery; even after that time, courts will permit amendment provided the moving party has a reasonable explanation for the delay. *See Hayes v. New England Millwork Distrib.*, Inc., 602 F.2d 15, 20 (1st Cir.1979) (finding "undue delay" where movant failed to move to amend for two years, after parties had already engaged in and completed discovery, and gave no valid reason for doing so); *DCD Programs, Ltd.*, 833 F.2d at 185, 187 (no undue delay where party moved for leave to amend fourteen months after initial complaint filed). "Bad faith" courts have understood to mean such tactics as, for example, seeking to add a defendant merely to destroy diversity jurisdiction. *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir.1987). "Undue prejudice" means substantial prejudice or substantial negative effect; the Ninth Circuit has found such substantial prejudice where the claims sought to be added "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990). Finally, an amendment is "futile" only if it would clearly be subject to dismissal. *See DCD Programs, Ltd.*, 833 F.2d at 188; *Moore v. Kayport Package Express*, 885 F.2d 531, 542 (9th Cir.1989), citing Pan–Islamic Trade Corp. v. Exxon Corp., 632 F.2d 539, 546 (5th Cir.1980). While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion, *See Miller v. Rykoff–Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir.1988), such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend. William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 8:422.

*SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F.Supp. 2d 1081, 1086 (S.D. Cal. 2002).

"[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs Ltd*, 833 F.2d at 187 (party opposing amendment "bears the burden of showing prejudice"). "Absent prejudice, or a strong showing of any of

the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

### III. Discussion

Plaintiffs seek leave of Court to file a Second Amended Complaint ("SAC") pursuant to Rule 15 arguing that the proposed SAC: (1) is timely and will not cause undue delay; (2) is proposed in good faith; (3) will not prejudice the Defendants; and (4) is not futile because the claims in the SAC are viable. (Mot. at 9-15).

Defendant Benita K. Ritchie ("Ritchie") opposes the amendment, contending that Plaintiffs (1) have failed to cure deficiencies previously outlined in Ritchie's motions to dismiss, (2) fail to provide specific facts to support a claim against Ritchie for discrimination, and (3) have shifted the alleged motive for this discrimination, which evidences bad faith and the futility of the amendments. (Ritchie Oppo. at 2-7 [ECF No. 46.]) Defendant Jonathan Morello opposes the amendment arguing that the motion for leave to amend and the SAC demonstrate bad faith and futility. (Morello Oppo. at 2). Morello further contends that Plaintiff has caused undue delay and amendment would cause him prejudice. (*Id*. at 15).

The Court finds no evidence of bad faith, undue delay, prejudice or futility. In making this determination, the Court compares the original Complaint ("Complaint"), the First Amended Complaint ("FAC"), and the proposed Second Amended Complaint ("SAC").

*A. Bad Faith*

Defendant Ritchie argues that Plaintiffs are acting in bad faith because they shifted the alleged motivation for discrimination from racial discrimination and discrimination against all special needs children, to discrimination against students with ADHD or ASD. (Ritchie Oppo. at 4). However, Plaintiffs elimination of racial discrimination claims and the narrowing of the discrimination claim to students with ADHD or ASD does not reflect bad faith, but instead, indicates that further

investigation resulted in dropping claims without sufficient factual support and focusing other claims.

Ritchie further argues that the SAC contains internally conflicting allegations which evidences bad faith, however a close reading does not support this assertion. The proposed SAC asserts that Ritchie "harmed other students with behavior disorders in front of G., C.C., E.D., and N.C." (SAC at ¶68) and Ritchie claims this "echoes that which was alleged in the Original Complaint, that RITCHIE mistreated *all* special education students." (Oppo. at 4)(emphasis added). Ritchie contends that Plaintiffs contradict this claim by stating that she "did not physically or emotionally harm students receiving special education services for blindness, deafness, other emotional disturbances, intellectual disabilities, multiple disabilities, orthopedic impairments, or for being hard of hearing." (SAC at ¶120).

Contrary to Ritchie's assertions, the allegations are not contradictory. Instead, Plaintiffs may allege that the student Plaintiffs witnessed other special education students being abused and also may allege that Ritchie did not abuse students with "blindness, deafness, other emotional disturbances, intellectual disabilities, multiple disabilities, orthopedic impairments, or for being hard of hearing" because the student Plaintiffs may have witnessed each other being hurt, and none of them fit into the characteristics outlined above. Moreover, whether these claims rest on a cognizable legal theory or fail to allege sufficient facts to support a cognizable legal theory is more properly decided on a motion to dismiss. *Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

Defendant Morello contends that Plaintiffs should not be allowed leave to amend because their claims for equal protection under the 14th Amendment are pursued in bad faith and are futile because Plaintiffs have not asserted or substantiated that the equal protection clause provides a right regarding bodily integrity or a parental right to make decisions about the care, custody and control of their children. (Morello Oppo. at 2-3). Morello contends that Plaintiffs did not

respond to his allegations in the motion to dismiss the FAC that the equal protection claims are without merit, therefore, none of the parent Plaintiffs should be given leave to amend, and the minor Plaintiffs should not be given leave to amend any claim based on bodily integrity or witnessing abuse of others. (*Id.* at 3).

In the proposed SAC Plaintiffs assert that Morello's conduct: (1) violated the minor Plaintiffs' right to equal protection because it was based on their ADHD or ASD (SAC at ¶ 141), (2) violated their rights to bodily integrity (SAC at ¶ 142), and (3) violated the parent Plaintiffs' rights to make decisions about the care and control of their children (SAC at ¶ 141). Although Plaintiffs cite substantive due process cases to support their right to amend the equal protection claim, this alone does not render their claims futile or pursued in bad faith, as argued by Morello. Instead, whether these claims rest on a cognizable legal theory or fail to allege sufficient facts to support a cognizable legal theory is better decided in a motion to dismiss. *Li*, 710 F.3d at 999. Similarly, Morello's argument that Plaintiffs' equal protection claims under § 1983 for witnessing abuse of others are better adjudicated in a motion to dismiss.

B.   *Undue Delay*

The Court further finds no evidence of undue delay. Plaintiffs have timely responded with amended complaints that refine and further support their claims with no undue delay. In response to Defendants first motions to dismiss the original Complaint filed June 6, 2022, Plaintiffs timely filed a Response in Opposition on July 11, 2022, and then a First Amended Complaint on August 8, 2022. Similarly, in response to Defendants motions to dismiss the FAC on August 22, 2022, Plaintiffs filed a Second Amended Complaint on September 22, 2022, which was later stricken for failure to comply. This factor weighs in favor of amendment.

C.   *Prejudice*

"Prejudice to the opposing party is the most important factor" when a court considers whether to grant leave to amend. *Jackson v. Bank of Hawaii*, 902 F.2d

7

1385, 1387 (9th Cir. 1990)(citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd.,* 833 F.2d at 187.

      Defendants have not demonstrated that allowing Plaintiffs' leave to amend will unduly prejudice them. Defendant Morello claims that he will suffer prejudice if Plaintiffs are allowed to amend the complaint because he has had the threat of litigation "hanging over his head while Plaintiffs file a succession of public and obviously-fabricated [sic] allegations about disregarding and now encouraging child abuse" and that "3 ½ years is a long time for adults to remember details accurately. Considering the Original Complaint's allegations of the cryptic communications conveyed by the 5 & 6-year- old special needs Student Plaintiffs, it seems likely none of those Student Plaintiffs remain a credible witness if any of them ever were." (Morello Oppo. at 15-16).

      Morello falls far short of demonstrating prejudice by stating only that the threat of punitive damages is oppressive, and that so much time has passed during the pendency of this case that the special needs children will not be able to accurately describe the abuse. The proposed SAC provides detailed factual support showing how each child reported the abuse to his or her parents on the day of, or shortly after, the incidents. Arguing simply that he is under pressure because of the pending lawsuit and that witnesses might not remember as well as they would before is insufficient to demonstrate prejudice, particularly in light of the seriousness of the allegations before the Court that Ritchie committed acts of physical and mental abuse against very young children diagnosed with special needs which Morello did not properly investigate or address. Accordingly, the Court finds no prejudice to Morello in allowing Plaintiffs to file the SAC. Moreover, the case is still in the pleading stages and the Defendants will have the opportunity to conduct discovery on the issues raised in the SAC.

    D.    *Futility*

"Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)(overruled on other grounds by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).) "'[P]roposed amendments are futile when they are either duplicative of existing claims or patently frivolous.'" *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014) (alteration omitted) (quoting *Bonin*, 59 F.3d at 846).

### 1. Defendant Ritchie

Defendant Ritchie argues that Plaintiffs' allegations of discrimination in the proposed SAC are factually deficient, including claims based on "information and belief," therefore Plaintiffs have not proven that Ritchie deliberately and intentionally treated students in similar situations unequally based on their protected characteristics. (Ritchie Oppo. at 6). The only substantive amendments in the SAC which address the deficiencies Ritchie previously raised are allegations that Ritchie did not harm students who were not receiving special education services, and that Ritchie did not harm special education students other than Plaintiffs. (*Id.*) These assertions are not supported by additional facts therefore, the Court should not permit amendment in Ritchie's view. (*Id.*)

The proposed SAC alleges that Ritchie used physical harm to control students with ADHD and ASD, claiming that she struck D.G. with a pointer stick in the head that cause a large lump, she dug her fingernails into C.C.'s wrist and shoulder which left marks in the skin, gouged C.C.'s face with her fingernails which left a permanent scar, dug her fingernails into E.D.'s arm leaving marks, and dug her fingernails into N.C's hand leaving marks. (Proposed SAC at ¶54, 58, 59, 63, 66). The proposed SAC asserts that Ritchie abused the minor Plaintiffs because of their ADHD and ASD. (*Id.* at ¶ 67).   The proposed SAC further contends that the minor

Plaintiffs witnessed Ritchie harm other students with behavioral disorders in the 2019-2020 school year, and that Ritchie did not physically or emotionally harm students that were not receiving special education services. (*Id*. at ¶ 68, 71). It is alleged in the proposed SAC that Ritchie did not harm students receiving special education services for "blindness, deafness, other emotional disturbances, intellectual disabilities, multiple disabilities, orthopedic impairments, or for being hard of hearing." (*Id*. at ¶¶ 72, 120).

The proposed SAC clearly contains factual allegations supporting the claims of discrimination against Ritchie, as evidenced above, and the proposed amendments narrow the class of students who were allegedly discriminated against and harmed. Ritchie has not demonstrated that amendment is futile, and furthermore, determination of this issue is better suited for a properly submitted motion to dismiss. *Li*, 710 F.3d 995 at 999.

### 2.  Defendant Morello

Defendant Morello first argues that that disability is not a protected class for purposes of equal protection, but then acknowledges that an equal protection violation may be established where a definable group is treated differently than otherwise similarly situated individuals without a rational basis for the different treatment. (Morello Oppo. at 12).

For purposes of this motion, Plaintiffs have sufficiently asserted claims under 42 U.S.C. § 1983. In the proposed SAC, Plaintiffs' claim that Ritchie did not harm students that were not receiving special education services (SAC at ¶¶ 71, 119), and provided detail about the group that was treated differently.  Taken in conjunction with the factual assertions that detail the emotional and physical abuse Ritchie inflicted upon minor Plaintiffs G., C.C., E.D., and N.C, the amended claims purport to illustrate that these minor Plaintiffs were singled out from other students based on their protected disabilities, thus supporting the section 1983 claim.

1 Defendant Morello further contends that there is no factual basis for the proposition that he was aware of Ritchie's abuse prior to the 2019-2020 school year because it was alleged on "information and belief" without factual support. (Morello Oppo. at 4-5). Furthermore, Morello argues that Plaintiffs' assertion that "at least six mandated reporters knew of Ritchie abusing students with ADHD and ASD prior to the 2019-2020 school year is suspect because if mandated reporters knew of the abuse, they would have notified law enforcement, not the principal, and a report would have been filed, thus Plaintiffs would have referenced it in support. (*Id.*)

Contrary to Morello's assertions, Plaintiffs included factual support for some claims pled on "information and belief," and further, the parties have not had the benefit of discovery at this early stage of the proceedings which will provide Plaintiffs an opportunity to further investigate and obtain supporting facts, particularly those within the control of Defendants. *See Exergen Corp., v Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1330 (Fed.Cir. 2009); *see also Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) ("'The *Twombly* plausibility standard ... does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant ....'")

Although Morello argues that Plaintiffs have no evidentiary support for their claims based on information and belief with regard to assertions that other educators were aware of abuse prior to 2019-2020 school year, the reference to these professionals does not show that Plaintiffs' counsel is fabricating allegations without any factual basis or justification as Morello contends. Instead, these allegations may be tested to determine whether they rest on a cognizable legal theory or if they fail to allege sufficient facts to support a cognizable legal theory in future motion practice. *Li*, 710 F.3d at 999.

Morello claims that Plaintiffs theory of discrimination has been rendered futile by inconsistent allegations of motive. However, there is no internal inconsistency between Plaintiffs original claims that the students were abused due to

11

both their special needs status and race, and Plaintiffs' later amended claims which winnowed the assertions to omit claims of racial discrimination and to assert the abuse was only levied against students with ADHD and ASD. Similarly, the original Complaint asserted on information and belief that all of the children with special needs were subjected to a hostile educational environment based on their disability, yet the proposed SAC claims assert that only students with ADHD and ASD were abused, which illustrates Plaintiffs' ongoing investigation and responsiveness to allegations raised in the motions to dismiss.

Accordingly, Plaintiff's leave to amend is not pursued in bad faith, will not cause undue delay, is not futile, and will not prejudice Defendants.

### IV. Conclusion and Order

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to file a Second Amended Complaint. Plaintiff is directed to file the Second Amended Complaint no later than June 9, 2023.

**IT IS SO ORDERED**
Dated: June 2, 2023

_____
Hon. M. James Lorenz
United States District Judge