UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ, BERNICE GONZALEZ, and D.G., a minor by and through his guardian ad litem JOSE GONZALEZ; CARL CARAGAN, MICHELLE CANLAS, and C.C., a minor by and through his guardian ad litem CARL CARAGAN; JENNIFER CATE, and N.C., by and through his guardian ad litem JENNIFER CATE; CHRISTIAN DEGUZMAN, RHODORA DEGUZMAN and E.D., by and through his guardian ad litem CHRISTIAN DEGUZMAN,<br><br>　　　　　　　　　　Plaintiffs,<br>v.<br><br>CHULA VISTA ELEMENTARY SCHOOL DISTRICT, a government entity; JOHNATHAN MORELLO, an individual; BENITA K. RITCHIE, an individual; DR. FRANCISCO ESCOBEDO, an individual; and DOES 1 through 30,<br><br>　　　　　　　　　　Defendants. | Case No.:  21-cv-1314-L-DDL<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING PETITION TO APPROVE MINOR'S COMPROMISE**<br><br>**[Dkt. No. 70]** |

Before the Court is the parties' joint petition for approval of a minor's compromise (the "Petition" or "Pet."). Dkt. No. 70. The undersigned hereby

submits this Report and Recommendation to United States District Judge M. James Lorenz pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 17.1 and 72.1. Having considered the Petition, the supporting exhibits and declarations, the statements of counsel and the parties at the April 3, 2024 hearing on the motion, and the applicable law, and for the reasons stated below, the undersigned **RECOMMENDS** that the District Court **GRANT** the Petition.

## I.

## **BACKGROUND**[1]

Plaintiffs are four neurodivergent children (collectively, the "Minor Plaintiffs") and their parents (collectively, the "Parent Plaintiffs"). At all times relevant to this action, Plaintiffs N.C., E.D., C.C., and D.G. attended Burton C. Tiffany Elementary School, which is part of the Chula Vista Elementary School District. SAC, ¶¶ 20, 42-45. On July 22, 2021, Plaintiffs sued the District, Tiffany's principal, and Benita K. Ritchie, a special education teacher at Tiffany, alleging that during the 2019-2020 school year Ritchie subjected the Minor Plaintiffs to physical harm, fear of physical harm, and verbal abuse "in an effort to control, correct, coerce or punish" them. *See id.* at ¶¶ 50-75. Plaintiffs asserted causes of action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act of 1990 (42 U.S.C. § 12132), and Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794(a)). *See generally id.*

After several rounds of dispositive motions, Plaintiffs filed the SAC on June 9, 2023. Six days later the parties jointly moved the Court to stay the action, reporting that the parties were in the process of scheduling a mediation. Dkt. No. 53. The District Judge stayed the action on June 16, 2023. Dkt. No. 54. On

---

[1] The Court's summary of facts and allegations is taken from the Second Amended Complaint ("SAC"), Dkt. No. 51. All "¶" references are to the SAC. All other docket citations are to CM/ECF page numbers.

November 17, 2023, the parties notified the Court they had reached a settlement. Dkt. No. 64.  On February 7, 2024, the parties filed the Petition presently before the Court.

## II.
## LEGAL STANDARDS

District courts have a duty to safeguard the interests of minors in litigation. *See Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (noting "the court in which a minor's claims are being litigated has a duty to protect the minor's interests").[2] When parties settle an action involving a minor litigant, the Court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor."  *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also* CivLR 17.1(a) (requiring the Court to review any proposed settlement of a minor's claims).  For claims arising under federal law, the "scope" of the Court's inquiry should be limited to "the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1182.  The Court must independently evaluate the fairness of the settlement "even if [it] has been recommended or negotiated by the minor's parent or guardian *ad litem*." *Salmeron,* 724 F.2d at 1363.

## III.
## DISCUSSION

**A.    The Proposed Settlement Terms and Distribution**

As stated in the Petition, the parties have agreed to resolve all claims for a gross settlement of $132,000, to be allocated among the Minor Plaintiffs.[3]  Pet. at

---

[2]    All citations and internal quotation marks are omitted unless otherwise noted.
[3]    The Parent Plaintiffs waive all rights to any settlement distribution.  *See* Dkt.

4. Plaintiff's counsel seeks an award of approximately 25 percent of the gross settlement amount for her fees, leaving a net total recovery of $99,000.[4] Each of the Minor Plaintiffs' recoveries will be invested in an annuity and distributed pursuant to a plan selected by each Minor Plaintiff's parent(s). The proposed distribution of the settlement is as follows:

| Plaintiff | Gross Payment | Net Payment | Distribution | Expected Benefit |
|---|---|---|---|---|
| D.G. | $34,500 | $25,875 | Lump sum payment at age 18 | $33,817 |
| C.C. | $32,500 | $24,375 | Four annual payments, beginning at age 18 | $36,543 |
| N.C. | $32,500 | $24,375 | Monthly payments for 5 years beginning at age 25; lump sum payment in 2044 | $56,041 |
| E.D. | $32,500 | $24,375 | Lump sum payment at age 18; followed by monthly payments for 4 years; followed by second lump sum payment | $36,633 |
| TOTAL | $132,000 | $99,000 | | $163,034 |

See ECF 70-1 at 29, 53, 78, and 103.

---

No. 70-2 at 2 (D.G.'s mother); Dkt. No. 70-3 at 2 (C.C.'s father); Dkt. No. 70-4 at 2 (E.D.'s father); Dkt. No. 70-5 at 2 (N.C.'s mother); Dkt. No. 70-6 at 2 (D.G.'s father); Dkt. No. 70-7 (C.C.'s mother); Dkt. No. 70-8 at 2 (E.D.'s mother).

[4]    Plaintiff's counsel clarified at the April 3, 2024 hearing that the statement in the Petition that "minor Plaintiffs will receive a total net settlement of $86,500" (Pet. at 5) was in error, and that the net settlement amounts presented in the supporting exhibits are correct.

**B.     The Settlement Is Reasonable and in the Minor Plaintiffs' Best Interests**

As alleged in the SAC, each of the Minor Plaintiffs was subjected to physical, emotional and verbal abuse at Tiffany. SAC, ¶¶ 50-75. The Minor Plaintiffs are alleged to have suffered physical injuries and emotional trauma as a result of the alleged abuse. *See id.* Although each Minor Plaintiff has "recovered completely from the effects of the [alleged] injuries" and denies any "permanent injuries," they are nonetheless entitled to recover for the harm they suffered. *See* Dkt. No. 70-1 at 8, 33, 57, 82.[5] The Parent Plaintiffs have forgone any monetary recovery, choosing instead to allocate the entire settlement to the Minor Plaintiffs. The Court finds the net recovery for each Minor Plaintiff is reasonable compensation for the injuries sustained.

The Ninth Circuit requires the Court to consider the fairness of the Minor Plaintiffs' settlement in comparison to recoveries in similar cases. *Robidoux*, 638 F.3d at 1182. The parties' joint motion is silent in this regard, but the Court's independent research demonstrates recoveries of $24,375 and $25,875 are within the accepted range of settlements and verdicts for similar claims and injuries in federal and state courts within this Circuit.[6] Accordingly, the Court finds that the net settlement amount for each Minor Plaintiff is fair.

---

[5]     The Court's briefing order [Dkt. No. 65] requested certain information to evaluate the settlement, which the parties supplied in the form of Judicial Council forms MC-350. This District's Civil Local Rules require all filings to be made on pleading paper. CivLR 5.1.a. The Court has nevertheless accepted the parties' filing to expedite its review of the settlement.

[6]     *See, e.g., M.J.S. et al. v. Walmart*, JVR No. 2312210015 (Washington 2023) ($5,000 verdict for minor plaintiffs, aged 10 and 6, for alleged false imprisonment and civil rights violations); *L.P. by & through Yamin B. v. Bella Mente Montessori Acad.*, No. 3:23-CV-01166-LL-AHG, 2023 WL 4908833, at *2 (S.D. Cal. Aug. 1,

The Court also finds that the proposed settlement is in the Minor Plaintiffs' best interests. Although the settlement was reached relatively early in the case, it was the result of extensive negotiations between the parties. *See* Dkt. Nos. 60, 62. Throughout the negotiations, all parties were represented by counsel, who undoubtedly were well-informed as to the strengths and weaknesses of their respective positions. The settlement obviates the "burden, expense, and uncertainty of taking the case to trial." *Doe v. Lincoln Mil. Prop. Mgmt. LP*, No. 3:20-cv-00224-GPC-AHG, 2020 WL 5587488, at *5 (S.D. Cal. Sept. 18, 2020), *report and recommendation adopted*, 2020 WL 5810168 (S.D. Cal. Sept. 30, 2020). And, as noted, the net proceeds of the settlement are exclusively for the

---

2023) (California 2023) ($35,000 net recovery to minor for alleged violations of the Rehabilitation Act and the A.D.A., discrimination, and emotional distress); *A.R., pro ami v. San Bernardino City Unified Sch. Dist.*, JVR No. 1906050019 (California 2019) ($75,000 settlement for 7-year-old autistic child who suffered "severe emotional distress" from teacher's verbal and physical abuse); *Erica Miller, individually, and on behalf of her minor child I.M. v. Monroe Sch. Dist., et al.*, 16 N.W.P.I.Lit.Rpts. 116 (Washington 2016) (defense verdict for autistic child alleged to have been traumatized by teacher's disciplinary measures); *A.C. pro ami, Carillo v. City of Alhambra et al.*, JVR No. 1706080044 (California 2016) ($10,000 settlement for 13-year-old special education student alleging negligence and discrimination by school and police officer); *E.H.*, pro ami, *Howard v. Brentwood Union Sch. Dist. et al.*, JVR No. 1501220040 (California 2014) ($50,000 settlement for 7-year old autistic child alleged to have been mistreated and physically abused by teacher); *Confidential v. Heald*, 32 Trials Digest 15th 9 (California 2012) ($55,000 for 8-year-old special education student subjected to excessive force for "acting out"); *Confidential v. L.A. Unified Sch. Dist.*, 48 Trials Digest 15th 8 (California 2012) ($25,000 settlement for special-needs fourth grader allegedly abused by another student); *Sally Miller individually and on behalf of her minor son, Kelton Miller v. The West Linn-Wilsonville Sch. Dist.*, 05 Or.Lit.Arb.Rpts. 69 (Oregon 2005) ($10,000 settlement for special-needs student who suffered emotional distress when teacher cut his hair without consent); *Exquivel, pro ami v. Pomona-Unified Sch. Dist.*, JVR No. 434845 (California 2004) ($50,000 settlement for 8-year old with autism who was abused by another student).

Minor Plaintiffs' benefit, and the proceeds will be placed in deferred annuities such that the total recovery to each Minor Plaintiff is increased. In sum, the settlement allows the Minor Plaintiffs and their parents to avoid the costs, risks, and time commitment of pursuing the case through discovery and trial, while providing fair and prompt compensation for the harm suffered.

For the above reasons, the Court finds that the settlement is fair, reasonable, and in the Minor Plaintiffs' best interests.

## C.  Distribution

This District's Civil Local Rules require that "[m]oney or property recovered by a minor or incompetent California resident by settlement or judgment must be paid and disbursed in accordance with California Probate Code Section 3600, et seq." CivLR 17.1(b)(1); *see also Alter by & through Alter v. Cnty. of San Diego*, No. 21-CV-01709-BLM, 2023 WL 4166096, at *5–6 (S.D. Cal. June 22, 2023) ("any money recovered by an incompetent who resides in California must be disbursed in accordance with the California Probate Code [under the Local Rules], regardless of whether the incompetent's claims arise under state or federal law"). As is relevant here, California Probate Code section 3611 provides that in entering judgment for a minor or incompetent, the Court should specify the method of distribution, which may include an order that "the remaining balance of any money paid or to be paid be deposited in . . . a single-premium deferred annuity, subject to withdrawal only upon the authorization of the court, and that the remaining balance of any other property delivered or to be delivered be held on conditions the court determines to be in the best interest of the minor . . .." Cal. Prob. Code § 3611(b).

The settlement provides $99,000 in aggregate to fund a single-premium annuity for each of the Minor Plaintiffs. The Parent Plaintiffs, in consultation with Sage Settlement Consulting, have selected distribution plans that will increase the present-day value of the settlement for each Minor Plaintiff. *See* ECF 70-1 at 27-

29, 51-53, 76-78, and 101-03. The undersigned finds that the proposed annuities are fair, appropriate and within the bounds of the applicable law, and recommends the settlement funds be distributed as requested by the parties.

### D. Attorneys' Fees

In addition to assessing whether the settlement is fair and reasonable, the Court must also approve the attorney's fees and costs to be paid for representation of a minor. In this District and elsewhere in the Ninth Circuit, where counsel represents a minor on a contingency fee basis, attorney's fees are generally limited to 25 percent of the gross recovery. *See Doe*, 2020 WL 5587488, at *6; *see also D.C. by & through Murphy v. Modesto City Sch.*, No. 1:22-CV-01481-HBK, 2023 WL 6060044, at *5 (E.D. Cal. Sept. 18, 2023) (noting the 25 percent "benchmark" for contingency fees for representation of minors); *Chavez v. City of Porterville*, No. 122CV00794ADASKO, 2023 WL 3994365, at *4 (E.D. Cal. June 14, 2023), *report and recommendation adopted*, No. 122CV00794ADASKO, 2023 WL 5516275 (E.D. Cal. Aug. 25, 2023) (same). Plaintiffs' counsel requests exactly 25 percent of each Minor Plaintiffs' gross recovery as attorney's fees.[7] Pet. at 4; *see also* Dkt. No. 70-1 at 12, 37, 61, and 86. Although counsel did not support her request with a declaration or documentation other than the parties' retainer agreements, the Court has considered the result obtained, the risk assumed, the Parent Plaintiffs' informed consent to the fee, and that the requested fees are within the historical benchmark of 25 percent. *See* Cal. R. Ct. 7.955. Under the facts and circumstances of this action, the undersigned finds the requested attorney's fees are reasonable.

---

[7] At the April 3, 2024 hearing, the Parent Plaintiffs confirmed their understanding of Plaintiffs' counsel's fee request and that they had no objection to it. Plaintiffs' counsel also confirmed that she does not seek reimbursement of any litigation costs from the Minor Plaintiffs.

## IV.

## CONCLUSION

For the reasons stated above, the Court finds the proposed settlement is reasonable and in the Minor Plaintiffs' best interests, and further that the proposed distribution of the settlement funds on the Minor Plaintiffs' behalf is also fair, reasonable, and comports with applicable law. The Court also finds that Plaintiffs' counsel's request for attorney's fees of $33,000 (25 percent of the gross recovery) is reasonable.

Accordingly, the Court **RECOMMENDS** that the District Court enter an order: (1) adopting this Report and Recommendation in its entirety; (2) **GRANTING** the Joint Petition for Minor's Compromise [Doc. No. 70]; (3) awarding $33,000 to Plaintiffs' counsel, to be paid from the gross settlement proceeds ($132,000); and (4) directing the distribution of the remaining settlement proceeds ($99,000) in accordance with the parties' request and as follows:

1. The sum of $24,375 shall be invested in a single-premium deferred annuity for the benefit of Minor Plaintiff C.C., subject to the "Terms of Structured Settlement Annuity" at Dkt. No. 70-1 pp. 27-28;

2. The sum of $25,875 shall be invested in a single-premium deferred annuity for the benefit of Minor Plaintiff D.G., subject to the "Terms of Structured Settlement Annuity" at Dkt. No. 70-1 pp. 51-52;

3. The sum of $24,375 shall be invested in a single-premium deferred annuity for the benefit of Minor Plaintiff E.D., subject to the "Terms of Structured Settlement Annuity" at Dkt. No. 70-1 pp. 76-77;

4. The sum of $24,375 shall be invested in a single-premium deferred annuity for the benefit of Minor Plaintiff N.C., subject to the "Terms of Structured Settlement Annuity" at Dkt. No. 70-1 pp. 101-102;

/ / /

and (5) further ordering that Plaintiffs must voluntarily dismiss the Action within 14 days of receiving the Settlement Funds from Defendants.

This Report and Recommendation is respectfully submitted to the Honorable M. James Lorenz, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 17.1 and 72.1.  Federal Rule of Civil Procedure 72(b)(2) provides that any party may object to the undersigned's findings and recommendations herein within 14 days of its issuance.  *See* Fed. R. Civ. P. 72(b)(2).  Any such objections must be filed by not later than **April 17, 2024**.  The parties are advised that failure to object may result in a waiver of the right to raise those objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).  The Court is aware, however, that the Petition before the Court was jointly made and that the parties desire an expeditious disposition of the matter.  **The parties are therefore encouraged to notify the District Judge as soon as possible if they have no objections to this Report and Recommendation**.

Dated: April 3, 2024

_____
Hon. David D. Leshner
United States Magistrate Judge